IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-31,508-03






EX PARTE JOHN WAYNE MOORE, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 10-11-11,378 IN THE 24TH DISTRICT COURT


FROM DEWITT COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of evading arrest or
detention and was sentenced to six years' imprisonment. He did not appeal the conviction. 

 Applicant complains there is no evidence to support the conviction, and he alleges trial
counsel provided ineffective assistance regarding his decision to plead guilty under a plea agreement.
The claim of no evidence lacks merit. Regarding the ineffective assistance of counsel claim,
Applicant complains trial counsel did no investigation and only told him to plead guilty under the
plea agreement. He says counsel advised if the plea offer for six years was not accepted, Applicant
would receive a twenty-five year sentence. Applicant has alleged facts in his ineffective assistance
of counsel claim that, if true, might entitle him to relief. See Strickland v. Washington, 466 U.S. 668
(1984).

 In these circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334
S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact.
The trial court shall supplement the writ record to this Court with the admonishments and waivers
and other plea agreement papers filed in connection with Applicant's guilty plea. The trial court
shall also obtain a response from trial counsel regarding Applicant's claim of ineffective assistance.
In doing so, the trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d).
If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent him at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact and conclusions of law in regard to the ineffective
assistance of counsel claim. The trial court shall also make any other findings of fact and conclusions
of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas
corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. A supplemental transcript containing all the
above described documents and affidavits and interrogatories or the transcription of the court
reporter's notes from any hearing or deposition, along with the trial court's supplemental findings
of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this
order. Any extensions of time shall be obtained from this Court. 


Filed: September 5, 2012

Do not publish